## In re THOMPSON, Commissioner.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

EMINENT DOMAIN—COMPENSATION—AWARD OF COMMISSIONERS—WHEN SET ASIDE.

An award of commissioners in condemnation proceedings under the act authorizing the construction of the new aqueduct, (Laws N. Y. 1883, c. 490,) will not be disturbed on appeal, where no legal errors are assigned, unless it appears to be manifestly and grossly inadequate, though it be shown that much larger prices were realized on former sales of lots, and the evidence would have warranted a larger award.

In the matter of the petition of Hubert O. Thompson, commissioner, etc., to condemn lands belonging to John Drisler and others, under the aqueduct act, (Laws N. Y. 1883, c. 490.) Defendants appeal from the award of damages assessed by the commissioners.

CULLEN, J. This appeal raises only the question of the adequacy of the award made by the commissioners for appellant's land. It is not claimed that the commissioners committed legal error in the admission or exclusion of evidence, or in adopting a wrong principle in making their award. The appeal, therefore, presents a question of fact. It is settled by a long and unbroken line of authorities, the award of commissioners will not be set aside for inadequacy, where they have not proceeded upon an erroneous principle, unless the inadequacy is gross. *In re William and Anthony Sts.*, 19 Wend. 694. See, also, *In re Bushwick Ave.*, 48 Barb. 11; *In re Park Extension*, 16 Abb. Pr. 56. The reason of the rule proceeds from the impossibility of properly reviewing the determination of commissioners, who act, not only upon the evidence before them, but also on their personal knowledge of values, and examination of the property. This case does not come within the exception to the general rule. The testimony as to values varied greatly. The commissioners accepted neither the value placed on the land by the petitioner's witnesses, nor that claimed by the owner, but fixed the value between the two. The exceptional sales of lots during a period of years, and the price brought on such sales, was not so conclusive, as to value, that the refusal of the commissioners to allow the same rate for the land now taken is to be considered error. While the evidence would have sustained a higher award, it cannot be said that the award actually made is manifestly inadequate. Order and appraisal appealed from should be affirmed, with costs.